

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2006

# USA v. Rodriguez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4560

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rodriguez" (2006). *2006 Decisions*. Paper 1730.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1730

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4560

UNITED STATES OF AMERICA

v.

ALBERTO RODRIGUEZ,

Appellant

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 04-cr-00047-2)
District Judge: Honorable Kent Jordan

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

Before: BARRY, AMBRO and ALDISERT, Circuit Judges

(Filed January 23, 2006)

OPINION

AMBRO, Circuit Judge

## I.

On August 17, 2004, Alberto Rodriguez pled guilty in the United States District Court for the District of Delaware to two counts of conspiracy to distribute and attempted possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Although the Presentence Report calculated the applicable range of punishment under the Sentencing Guidelines as 70 to 87 months in prison, the Government filed a motion for a downward departure under U.S.S.G. § 5K1.1 to take account of Rodriguez's substantial assistance. Rodriguez requested a downward adjustment under U.S.S.G. § 3B1.2 for his alleged minor role in the conspiracy. The District Court granted the Government's motion for a downward departure, denied Rodriguez's request for a downward adjustment, and sentenced him to 40 months in prison. Rodriguez now appeals.

Counsel for Rodriguez has moved this Court to allow him to withdraw from this case, and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that Rodriguez's only possible ground of appeal is a challenge to the District Court's refusal to depart downward due to his alleged minor role, a decision counsel contends we lack jurisdiction to review. Counsel and the Government are in agreement that Rodriguez's appeal is frivolous. Rodriguez has not filed a pro se response to counsel's Anders brief, nor has he requested resentencing in light of United States v. Booker, __

1

U.S. __, 125 S. Ct. 738 (2005). Because we agree that this appeal presents no non-frivolous issues, we affirm the judgment of conviction and sentence and grant counsel's motion to withdraw.[1]

II.

In Anders, the Supreme Court stated:

> [Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

386 U.S. at 744. When preparing an Anders brief, counsel has two duties: "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Our analysis begins with an examination of the brief to determine whether these requirements are met, and extends to "an independent review of the record" to determine if the case "presents any nonfrivolous issues." Id.

---

[1] The District Court had subject matter jurisdiction over this case under 18 U.S.C. § 3231, and we have jurisdiction over the appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

Although we conclude, for the reasons noted below, that counsel has not satisfied his obligation of properly identifying the issues on appeal and correctly explaining why they are frivolous, we believe this error is harmless because the issue actually raised by this appeal is frivolous. Rodriguez has never raised any question about his guilt or the knowing and voluntary nature of his plea, and we cannot locate any errors in the record that could conceivably give rise to such claims. Rather, as counsel states in his brief, Rodriguez's sole concern after his sentencing was the District Court's refusal to grant his request for a minor role downward adjustment, and Rodriguez instructed his attorney to file a notice of appeal on this basis. In his brief, counsel argues that the District Court's ruling denied a "downward departure," and that we therefore lack jurisdiction to review that ruling under 18 U.S.C. § 3742(a). See, e.g., United States v. Minutoli, 374 F.3d 236, 239-40 (3d Cir. 2004) ("It is well-established in this Court that we lack jurisdiction to review the merits of a district court's discretionary decision to refuse a downward departure under the Sentencing Guidelines once we determine that the district court properly understood its authority to grant a departure."); United States v. Denardi, 892 F.2d 269, 271-72 (3d Cir. 1989) (same). In fact, as the Government points out in its brief, Rodriguez requested a downward adjustment of his Guidelines range under § 3B1.2, not a departure from the Guidelines, and clearly we have jurisdiction to review the District Court's calculation of the Guidelines range. See 18 U.S.C. § 3742(a)(2) (allowing a

defendant to appeal a sentence that "was imposed as a result of an incorrect application of the sentencing guidelines"); Minutoli, 374 F.3d at 238 n.1 (reviewing a district court's refusal to grant a minor role downward adjustment under § 3B1.2 and citing cases).

By contending that the only issue on appeal is the District Court's denial of a downward departure, and that the issue is frivolous because we lack jurisdiction to consider such an appeal, counsel has not satisfied his duty of properly identifying the issues on appeal and correctly explaining why they are frivolous. The Government's brief convinces us, however, that counsel's error is harmless because the ground on which Rodriguez does appeal — the District Court's refusal to grant a downward adjustment under § 3B1.2 — is frivolous.

At the sentencing hearing, Rodriguez's counsel conceded that Rodriguez and his two co-conspirators were "partners[]" in the criminal enterprise, that Rodriguez was recruited into the partnership by the first co-conspirator to help secure funding, and that Rodriguez recruited the third co-conspirator. Rodriguez's counsel argued that there was an understood "pecking order" within the conspiracy (presumably based on who recruited whom), but expressly declined to present any evidence of this and did not dispute the Government's statements that no member had the power to terminate another, that Rodriguez was the sole link between the other two partners, and that they functioned as equals. Indeed, counsel stated that Rodriguez and the Government were "pretty much . . . in agreement the facts are as they are." Based on these concessions, and our

4

independent review of the record, we discern no basis on which Rodriguez could satisfy his burden of proving that his "involvement, knowledge and culpability were materially less than those of other participants." United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2001) (internal quotation marks omitted). His claim "lacks an arguable basis either in law or in fact," and is therefore frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2]

IV.

For the foregoing reasons, we affirm the judgment of conviction and sentence. We also grant Rodriguez's counsel's motion to withdraw.

---

[2] Although we generally remand pre-Booker sentences to the District Court for resentencing, see United States v. Davis, 407 F.3d 162, 165 (3d Cir. 2005), we do so only when a defendant affirmatively requests such a remand. See id. at 166 ("Appellants have been directed to state whether they wish to challenge their sentences under Booker. For those who do not, we consider the appeal on its merits."). Because Rodriguez has not requested resentencing in light of Booker, a remand is not warranted in this case.